UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY O'NEIL,<br><br>Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00474-ART-BNW<br><br>ORDER |

Plaintiff Ashley O'Neil sued several Defendants, including Las Vegas Metropolitan Police Department ("LVMPD"), Clark County Detention Center ("CCDC"), Joe Lombardo, Wellpath, LLC, and Doe Nurse Coco, for inadequate medical care in the Clark County Detention Center. (ECF No. 1.) In 2024, WellPath filed a voluntary petition for chapter 11 bankruptcy. (ECF No. 74.) The bankruptcy court confirmed the chapter 11 plan on May 1, 2025, discharging all claims and causes of action against WellPath. (ECF No. 84.) In light of the resolution of Defendant Wellpath's bankruptcy, the Court dismissed Wellpath from the case. (ECF No. 85.)

Before the Court is O'Neil's Motion for Reconsideration of the Court's order dismissing Wellpath and Motion for Leave to Amend. (ECF No. 88.) As detailed below, the Court denies the motion to reconsider, but grants O'Neil leave to amend her complaint to name the Liquidating Trust as nominal defendant.

**I.  BACKGROUND**

As set forth in O'Neil's Complaint, on or about December 22, 2019, O'Neil was driving her vehicle and suffered severe injuries in a crash. (ECF No. 1 at 12.) She alleges that she was placed under arrest at the scene of the collision and that the defendants failed to take steps to follow the plan of medical care prescribed

1

for Plaintiff while she was in pretrial custody, which caused Plaintiff unnecessary suffering and permanent disfigurement. (*See* ECF No. 1.)

On November 11, 2024, WellPath Holdings, Inc. and its affiliated companies ("Debtors") each filed voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas under chapter 11 of the United States Bankruptcy Code. (ECF No. 74.) WellPath gave notice of the Bankruptcy petition on November 15, 2024, effectively staying this action. (*Id.*) On May 30, 2025, WellPath informed this Court that the bankruptcy court had entered a Confirmation Order confirming WellPath's First Amended Joint Chapter 11 Plan of Reorganization ("Plan"), and that the automatic bankruptcy stay had been lifted. (ECF No. 84.)

The General Form of Order Regarding Lift Stay Motions[1] ("Stay Order") directs that "all Claims and Causes of Action of any nature" that arose before the petition date "against the Debtors are discharged." (ECF No. 88-1 at 3); *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. June 4, 2025) Dkt. No. 2907, p. 2. The Stay Order further provides that "[h]olders of personal injury tort and wrongful death Claims against the Debtors are subject to the Trust Distribution Procedures," but may also seek "determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party." (*Id.*) Those parties can include the Liquidating Trust as a nominal party "to recover against available third-party proceeds" or to "establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust." (*Id.*)

Outside of these measures, however, holders of such claims "may not seek satisfaction of, and are permanently enjoined from seeking payment of, any

---

[1] *See Trigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).

2

1    judgment, award, settlement, claim, distribution, indemnification right, or any
2    other payment amount resulting from their lawsuit from, or in connection with,
3    the Debtor, the Debtors' estates, or the Post-Restructuring Debtors." (*Id.*) To
4    proceed with claims against non-debtor defendants, including employees of
5    WellPath, incarcerated individuals with personal injury or wrongful death claims
6    had until July 31, 2025, to opt-out of the Plan's Third-Party Releases. (ECF No.
7    88-1 at ¶ 6.)

8    On May 30, 2025, in response to Wellpath's final status report detailing the
9    results of the bankruptcy case, this Court dismissed Wellpath. (ECF No. 85.)
10   O'Neil then filed this motion for reconsideration. (ECF No. 88.) Wellpath
11   responded to the motion for reconsideration (ECF No. 94), and O'Neil replied.
12   (ECF No. 95.)

## II. DISCUSSION

### A. Legal Standard

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); see also LR 59-1(a). A district court also "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); see also *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

### B. Wellpath as Nominal Defendant

In her motion to reconsider, O'Neil argues that Wellpath, in its final status report detailing the resolution of the bankrupty case, obscured O'Neil's ability to proceed nominally against Wellpath. (ECF No. 88 at 4.) O'Neil contends that while

3

the Plan enjoins holders of claims from proceeding against Wellpath in civil court, litigants who timely opted-out of the Third-Party Release are not similarly enjoined, based on the language of Article IX.F. (*Id.*)

Article Article IX.F of the Plan, which explains the terms of the injunction, provides that "[e]xcept as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, holders of claims are "permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Restructuring Debtors, the Exculpated Parties, or the Released Parties . . . *provided,* that for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties." *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. May 1, 2025) Dkt. No. 2596, p. 134. O'Neil argues that this language allows her to proceed nominally with her claims against Wellpath, since she contends that she opted-out of the Third-Party Release. (ECF No. 88 at 4–5.)

However, a bankruptcy discharge, as in this case, "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). The Third-Party Release, as referenced in Article IX.F, allows parties who opted-out to continue to pursue their claims against non-debtor Defendants, but does not interfere with Wellpath's bankruptcy discharge. (*See* ECF No. 88-1 at ¶ 5.)

Furthermore, the Stay Order provides a specific procedure for holders of personal injury or wrongful death claims against Wellpath. (ECF No. 88-1 at ¶ 4.) Holders of these claims can proceed through the Trust Distribution Procedures or can "seek determinations of the Debtors' liability by the appropriate civil appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating

4

Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust." (ECF No. 88-1 at ¶ 4.) This section establishes that while O'Neil can proceed in this Court against the Liquidating Trust as a nominal defendant, no such carve out exists for litigating against Wellpath, even as a nominal defendant.[2]

While the Court has reconsidered the justification for dismissal of Wellpath, consistent with these provisions, O'Neil's claims against Wellpath must remain dismissed, and O'Neil cannot proceed nominally against Wellpath. The Court's finding that dismissal is appropriate, therefore, has not changed.

**C. Leave to Amend**

O'Neil also argues that she should be allowed to proceed against the Liquidating Trust as a nominal party. (ECF No. 88 at 6.) While Wellpath contends that it should not be kept in this matter as a nominal defendant, it does not argue against including the Liquidating Trust as a nominal defendant. (*See* ECF No. 94.)

In accordance with Rule 15(a), the court should freely give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[2] The bankruptcy court has also recently indicated that the Liquidating Trust, not Wellpath, is the correct nominal party for holders of personal injury and/or wrongful death claims to name in civil court cases involving Wellpath. *See In re Wellpath SF Holdco, LLC,* No. 24-90566 (Bankr. S.D. Tex. October 21, 2025), Dkt. Nos. 844, 845; *In re Wellpath SF Holdco, LLC,* No. 24-90566 (Bankr. S.D. Tex. November 25, 2025), Dkt. No. 1022 at 00:27:00-1:10:00.

As stated above, the bankruptcy court's order authorizes "holders of personal injury tort and wrongful death claims against" Wellpath to "seek determinations of [Wellpath's] liability by the appropriate civil court . . . with the Liquidating Trust as a nominal party. (ECF No. 88-1 at ¶ 4.) Thus, because the Stay Order specifically allows O'Neil to name the Liquidating Trust as a nominal defendant, which Wellpath has not demonstrated would be futile, the Court grants O'Neil leave to amend to include the Liquidating Trust as a nominal defendant in this case.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that O'Neil's motion to reconsider is DENIED. (ECF No. 88.)

IT IS FURTHER ORDERED that O'Neil is granted leave to amend her complaint to include the Liquidating Trust as a nominal defendant. (ECF No. 88.)

IT IS FURTHER ORDERED that O'Neil's motion for leave to file supplemental briefing is DENIED AS MOOT. (ECF No. 96.)

DATED THIS 10th day of December 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE