# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY O'NEIL, an individual; | Case No.:     2:22-cv-00474-ART-NJK |
| Plaintiff, | **ORDER GRANTING** |
| vs. | **STIPULATION TO EXTEND** |
| | **DISCOVERY DEADLINES** |
| LAS VEGAS METROPOLITAN POLICE | **(Fifth Request)** |
| DEPARTMENT, a Political Subdivision of | |
| the State of Nevada; WELLPATH, LLC, a | |
| foreign corporation; MATTHEW J. | |
| DUNDON, Trustee of Wellpath Holdings, | |
| Inc. Liquidating Trust; NURSE CAMILLE | |
| "COCO" LEE, individually; PHYSICAN | |
| ASSISTANT DAVID OLIPHANT, | |
| individually; DOCTOR LARRY | |
| WILLIAMSON, individually; DOE | |
| OFFICERS 1 through 10, individually, DOE | |
| MEDICAL STAFF 1 through 10, | |
| individually; DOES 1 through 10; ROE | |
| CORPORATIONS 11 through 20; and ABC | |
| LIMITED LIABILITY COMPANIES 21 | |
| through 30, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between the parties, Las Vegas Metropolitan Police Department ("LVMPD"); Wellpath, LLC ("Wellpath"); and Plaintiff, Ashley O'Neil, ("Plaintiff"), by and through their respective counsel that the discovery cut-off date of March 27, 2025, be continued to **May 29, 2026**, for the purpose of allowing the parties to complete written discovery, obtain records from third-parties, disclose expert and rebuttal expert reports, and take depositions.

## I.    DISCOVERY COMPLETED TO DATE

All parties have provided their initial Rule 26 Disclosures.

The parties have provided Supplemental Disclosures as follows:

1. Defendant LVMPD's Supplemental Disclosures:
   a. First Supplemental: October 2, 2023
   b. Second Supplemental: January 26, 2024
   c. Third Supplemental: May 22, 2024
   d. Fourth Supplemental: June 11, 2024
   e. Fifth Supplemental: October 17, 2024
2. Defendant Wellpath's Supplemental Disclosures:
   a. First Supplemental: December 3, 2023
   b. Second Supplemental: December 6, 2023
   c. Third Supplemental: June 20, 2024
3. Plaintiff' Ashley O'Neil's Supplemental Disclosures:
   a. First Supplemental: April 23, 2024
   b. Second Supplemental: September 17, 2024

Defendant LVMPD served Interrogatories and Requests for Production on Plaintiff on September 27, 2023.  Plaintiff served her Responses to LVMPD's Interrogatories and Requests

for Production on November 10, 2023.  Defendant LVMPD served Requests for Admission on Plaintiff on January 31, 2024.  Plaintiff served Responses to LVMPD's Requests for Admission on April 1, 2024.

Defendant Wellpath served Interrogatories and Requests for Production on Plaintiff on May 29, 2024.  Plaintiff served her Responses to Wellpath's Interrogatories and Requests for Production on August 7, 2024.

Plaintiff served her First Set of Requests for Production on LVMPD on April 23, 2024.  LVMPD responded to Plaintiff's First Set of Requests for Production on June 11, 2024.  Plaintiff served Interrogatories and her Second Set of Requests for Production on LVMPD on September 17, 2024.  LVMPD responded to Plaintiff's Interrogatories and Second Set of Requests for Production on October 17, 2024.

Plaintiff served Interrogatories and Requests for Production on Wellpath on April 23, 2024.  Wellpath served its Responses to Plaintiff's Interrogatories and Requests for Production on June 20, 2024.

The Depositions of LVMPD's Rule 30(b)(6) witness occurred on October 3, 2024.

The Deposition of Wellpath's Rule 30(b)(6) witness occurred on October 2, 2024.

Plaintiff has provided Defendants with executed medical authorizations.

Defendant LVMPD issued subpoenas to University Medical Center of Southern Nevada; UMC Orthopedic & Spine Institute; G. Mark Sylvian, M.D.; Orthopedic Specialists of Nevada, LLC; Michael T. Monroe, M.D.; Hanger Prosthetics & Orthotics, Inc. dba The Hanger Clinic; Desert Radiologists, Inc. dba Desert Radiology; Nevada Department of Corrections, Florence McLure Women's Correctional Center; City of Las Vegas, Las Vegas Fire & Rescue; American Medical Response, Inc. dba "AMR;" Medicwest Ambulance, Inc.; Clark County Fire Department;

and Nevada Department of Public Safety, Nevada State Police (fka Nevada Highway Patrol) on December 1, 2023.

Defendant LVMPD issued subpoenas to GEICO Insurance and Progressive Casualty Insurance Company on January 29, 2024.

## II.    DISCOVERY YET TO BE COMPLETED

1. Deposition of Plaintiff.

2. Depositions of percipient witnesses.

3. Depositions of treating providers.

4. Expert discovery, including expert disclosures and depositions.

5. Additional written discovery as needed.

6. Subpoenas to third parties for records and information.

Plaintiff, Wellpath, and LVMPD intend to propound written discovery as well. The parties will take the depositions of Plaintiff and any other third-parties that have information related to the claims and defenses in this matter. The parties will timely disclose all expert and rebuttal expert disclosures.

## III.   REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

This is a complex 42 U.S.C. § 1983 case. The claims in this matter involve several serious injuries Plaintiff sustained in an automobile accident and her subsequent care at Clark County Detention Center. The records related to Plaintiff's diagnosis and medical treatment are voluminous. Plaintiff has pleaded the following claims in her First Amended Complaint (ECF No. 99):

1. Deliberate Indifference to Serious Medical Needs (1st Cause of Action)

2. *Monell* liability (2nd and 3rd Causes of Action)

3. Violations of the Nevada Constitution (4th Cause of Action)

4. Negligence (5th Cause of Action)

5. Negligent Hiring, Training, Supervision, and Retention (6th Cause of Action)

6. Concert of Action (7th Cause of Action)

7. Negligent Infliction of Emotional Distress (8th Cause of Action)

The parties have been diligent in proceeding with discovery in this matter. Plaintiff's medical treatment is extensive, continued from her pre-trial detention and, presumably, through the present. Part of Plaintiff's damages also include allegations of disability resulting from Defendant's conduct. The extent of this alleged disability is yet to be determined as Plaintiff is (or was) presumably undergoing treatment while she is incarcerated.

Because of Plaintiff's incarceration, communication with Plaintiff is delayed. It takes several days, and sometimes weeks, to correspond with Plaintiff and obtain necessary signatures and information.

The parties anticipate continuing extensive medical and expert discovery. There are numerous depositions that need to take place in advance of expert discovery including the depositions of Plaintiff, Plaintiff's treating physicians, and percipient witnesses.

The discovery extension sought is substantial to afford the parties sufficient time to complete discovery.

In addition, litigation in this matter was delayed due to Wellpath's bankruptcy. On November 11, 2025, Wellpath filed a Chapter 11 Bankruptcy Petition. On May 1, 2025, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis [Docket No. 2596] (the "Confirmation Order") confirming the Debtors' First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (with Technical

Modifications) [Docket No. 2552-1] (the "Plan"). The Court also entered its Order (I) Further Extending the Automatic Stay to the Non-Debtor Defendants and (II) Granting Related Relief [Docket No. 2599] (the "Extension Order").

On May 8, the automatic stay extended to all non-debtor defendants expired. Cases against Wellpath's current and former employees may proceed unaffected by the bankruptcy. These parties were not released under the Plan. Plaintiff's claims against non-debtor Wellpath employees may proceed because Plaintiff opted out of the third-party releases. Therefore, the case may proceed unaffected by the bankruptcy against Wellpath employees Camille Lee, RN ("Nurse Coco"), Physician Assistant David Oliphant, and Doctor Larry Williamson.

On May 9, the automatic stay extended to the Debtors was lifted. As part of the discharge, claimants may participate in the Liquidating Trust's non-binding alternative dispute resolution process, or elect to proceed in the underlying court to litigate against the Liquidating Trust as a nominal defendant.

In order to complete discovery, the parties jointly propose the following schedule:

**IV.    PROPOSED EXTENDED DEADLINES**

The parties respectfully request this Court enter an order as follows:

**(A)    Discovery Deadline.**

The current discovery cut-off date of March 27, 2025, should be extended up to and including **May 29, 2026**.

**(B)    Experts and Rebuttal Experts.**

The parties shall disclose expert reports on or before **March 30, 2026**, which is 60 days prior to the close of discovery.

Any rebuttal disclosures will be made by the parties on or before **April 29, 2026**, which is 30 days prior to the close of discovery.

**(C)    Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than 30 days after the close of discovery, or by **June 29, 2026.**[1]

**(D)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial.  Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter.  Reply briefs will be allowed only with leave of the Court.

**(E)    Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than 30 days after the date set for filing dispositive motions, or by **July 29, 2026**, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court.  The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F)    Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline.  A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of

---

[1] 30 days after May 29, 2028, is June 28, 2026, a Sunday. Thus, the parties have agreed to extend the dispositive motion deadline to the next day, June 29, 2026.

excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall include:

        (a)      A statement specifying the discovery completed;

        (b)      A specific description of the discovery that remains to be completed;

        (c)      The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

        (d)      A proposed scheduled for completing all discovery.

This request for an extension is made in good faith and joined by all the parties in this case. The Request is timely pursuant to LR 26-3.  Trial is not yet set in this matter and dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case.  Moreover, since this request is a joint request, neither party will be prejudiced.  The extension will allow the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

parties the necessary time to finish discovery.

DATED this 20th day of January, 2026

SGRO & ROGER

/s/ Lauren Bonds
_____
ANTHONY P. SGRO
Nevada Bar No. 3811
JOSHUA JUDD
Nevada Bar No. 14890
2901 El Camino Avenue
Suite 204
Las Vegas, NV 89102

NATIONAL POLICE ACCOUNTABILITY
PROJECT

LAUREN BONDS
*Admitted Pro hac vice*
1403 Southwest Blvd
Kansas City, KS 66103

DEVONTAE TORRIENTE
*Admitted Pro hac vice*
900 N 19th Street
PO Box 15070
Philadelphia, PA 19130

ELIANA MACHEFSKY
*Admitted Pro hac vice*
National Police Accountability Project
1935 Addison St.
Suite A
Berkeley, CA 94704

*Attorneys for Plaintiff*
*Ashley O'Neil*

DATED this 16th day of January, 2026.

KAEMPFER CROWELL

/s/ Lyssa S. Anderson
_____
LYSSA S. ANDERSON
Nevada Bar No. 5781
TRAVIS C. STUDDARD
Nevada Bar No. 16454
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada  89135

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department*

DATED this 16th day of January, 2026

LEWIS BRISBOIS BISGAARD & SMITH

/s/ Pranava Moody
_____
S. BRENT VOGEL
Nevada Bar No. 6858
PRANAVA MOODY
Nevada Bar No. 16590
6385 S. Rainbow Boulevard, Ste. 600
Las Vegas, NV 89118

*Attorneys for Defendants*
*WellPath, LLC and Nurse Camille Lee*
*("Nurse Coco")*

**IT IS SO ORDERED.**

Dated January 22, 2026

_____
United States Magistrate Judge
Nancy J. Koppe