LYSSA S. ANDERSON
Nevada Bar No. 5781
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendants,***
***Las Vegas Metropolitan Police Department***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASHLEY O'NEIL, an individual,

Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada; WELLPATH, LLC, a foreign corporation, MATTHEW J. DUNDON, Trustee of Wellpath Holdings, Inc. Liquidating Trust; NURSE CAMILLE "COCO" LEE, individually; PHYSICIAN ASSISTANT DAVID OLIPHANT, individually; DOCTOR LARRY WILLIAMSON, individually; DOE OFFICERS 1 through 10, individually, DOE MEDICAL STAFF 1 through 10, individually; DOES 1 through 20; ROE CORPORATIONS 11 through 20; ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,

Defendants

Case No.: 2:22-cv-00474-ART-NJK

**STIPULATION TO EXTEND DISPOSITIVE MOTION DEADLINE (First Request)**

The parties by and through their respective counsel, hereby stipulate, agree, and request that this Court extend the dispositive motion deadline from the current date of August 28, 2026, to **September 25, 2026**, for purposes of 1) allowing the parties to receive all certified deposition

transcripts; 2) allowing sufficient time for Defendants to prepare responses to Plaintiff's Motion to Compel Non-Party Wellpath, LLC's Compliance with Subpoena, for Plaintiff to prepare a reply, and for the Court to rule on the Motion (ECF No. 128); 3) and to provide sufficient time for all parties to fully analyze discovery and prepare dispositive motions. The parties also request that the Court allow any responses to dispositive motions to be filed on or before **November 10, 2024**, and any reply(s) to be filed on or before **November 24, 2026**, to accommodate counsels' calendars and schedules.

## I. DISCOVERY COMPLETED TO DATE

Discovery in this matter closed on July 28, 2026.

During the discovery period, the parties exchanged disclosures and made numerous supplements noted below.

1. Defendant LVMPD's Supplemental Disclosures:
    a. First Supplemental: October 2, 2023
    b. Second Supplemental: January 26, 2024
    c. Third Supplemental: May 22, 2024
    d. Fourth Supplemental: June 11, 2024
    e. Fifth Supplemental: October 17, 2024
    f. Sixth Supplemental: March 27, 2026
    g. Seventh Supplemental: May 29, 2026
2. Defendant Wellpath's Supplemental Disclosures:
    a. First Supplemental: December 3, 2023
    b. Second Supplemental: December 6, 2023
    c. Third Supplemental: June 20, 2024
    d. Fourth Supplemental: April 2, 2026

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

e. Fifth Supplemental: July 28, 2026

3. Plaintiff Ashley O'Neil's Supplemental Disclosures:

a. First Supplemental: April 23, 2024

b. Second Supplemental: September 17, 2024

The parties have engaged in extensive written discovery. The following written discovery was made in this matter: LVMPD served written discovery (Interrogatories, Requests for Admissions and Requests for Production of Documents) on Plaintiff in September 2023 and January 2024, to which Plaintiff responded. In April 2024, Plaintiff served initial written discovery on the Wellpath Defendants and a first Request for Production of Documents on LVMPD, to which Wellpath responded on June 20, 2024. In May 2024, Wellpath served its initial written discovery on Plaintiff, and Plaintiff responded on August 7, 2024. In September 2024, Plaintiff served Interrogatories and an additional Request for Production of Documents that LVMPD responded to. Finally, Plaintiff served a third Request for Production of Documents on LVMPD in April 2026 which have been responded to. The parties have completed all necessary written discovery in this matter.

Defendant LVMPD issued considerable third-party subpoenas as follows: to University Medical Center of Southern Nevada; UMC Orthopedic & Spine Institute; G. Mark Sylvian, M.D.; Orthopedic Specialists of Nevada, LLC; Michael T. Monroe, M.D.; Hanger Prosthetics & Orthotics, Inc. dba The Hanger Clinic; Desert Radiologists, Inc. dba Desert Radiology; Nevada Department of Corrections, Florence McLure Women's Correctional Center; City of Las Vegas, Las Vegas Fire & Rescue; American Medical Response, Inc. dba "AMR;" Medicwest Ambulance, Inc.; Clark County Fire Department; Nevada Department of Public Safety, Nevada State Police (fka Nevada Highway Patrol); GEICO Insurance; and Progressive Casualty Insurance Company.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

The voluminous records were received and produced in this matter. The parties have served all necessary third-party subpoenas in this matter and produced any records received.

Wellpath was dismissed from this matter in May 30, 2025. Subsequently, on June 1, 2026, Plaintiff served a third-party subpoena on Wellpath. Wellpath responded to the subpoena on June 15, 2026. Following meet and confer efforts, on August 20, 2026, Plaintiff filed a motion to compel additional responses from Wellpath. That motion remains pending at this time. Wellpath's opposition is due on September 3, 2026.

Fourteen depositions were taken during discovery. The depositions of the following person(s) were taken: Wellpath Person Most Knowledgeable, Lori Coleman; LVMPD Person Most Knowledgeable Captain Jonathan Clark; LVMPD CFO Damon Harris, LVMPD Person Most Knowledgeable Deputy Chief Sheree Page; Defendant, Larry Williamson, M.D.; Defendant, David Oliphant, P.A.; Plaintiff's expert witness, Dr. Gary Morris; Defendants' Expert Witness Dr. Brandon Ortega; Defendants' Expert Witness Terry Fillman; Plaintiff Ashley O'Neil; Defendant, Camille "Coco" Lee, LPN; Wellpath former employee, Delia Flores; Treating surgeon Dr. Michael Monroe; and Treating surgeon Dr. Mark Sylvain. All necessary depositions have been taken.

Finally, the parties designated experts and timely produced expert and rebuttal expert disclosures.

**II. DISCOVERY YET TO BE COMPLETED**

Following seven (7) extensions of discovery in this matter and the indulgence of this Court; all discovery in this matter has been completed, notwithstanding Plaintiff's pending Motion to Compel Compliance with Subpoena (ECF No 128).

**III. REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).

The parties worked diligently to complete discovery following this Court's last Order granting a limited extension of the discovery deadlines in this matter. (ECF No. 120). At present, the parties are waiting for the certified deposition transcript for the last deposition taken, which is necessary for the preparation of dispositive motions. In addition, more time is needed as well to adequately analyze the voluminous records disclosed in this matter as this case involves a substantial factual record developed through extensive discovery. This matter involves complicated issues of alleged constitutional violations and professional negligence. The evidentiary record includes fourteen (14) deposition transcripts, many of which include complex issues of medicine, and documentary evidence including approximately eight thousand (8,000) pages of documents disclosed collectively by the parties. As shown, discovery generated a substantial record, and it could not have been fully analyzed until the most recent depositions were completed and transcripts received. These are materials that must be thoroughly reviewed and analyzed to prepare and support dispositive motions. This extension will allow the parties to present fully developed dispositive motions supported by the complete and complex evidentiary record. The extension will also provide the Parties time to brief the pending Motion to Compel (ECF No. 128), and for the Court to rule on the Motion. In addition, should the Court grant the Motion to Compel in whole or in part, the extended time to prepare respective responses and replies to any dispositive motions filed by September 25, 2026, will account for the practical effect of

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

such a ruling.

Counsel for the parties have diligently litigated this case and have now completed discovery. However, Counsel for LVMPD has been retained on several new cases involving a high demand of time; two of which are extremely complex including one related to the homicide of a child and the other the near death of a CCDC inmate. The retention of Counsel in these unrelated cases is recent, and it became obvious that an extension of this deadline is needed. The parties are requesting the extension without delay. Although workload alone is insufficient as stated in *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179–80 (D. Nev. 2022), the facts above show that Counsel for LVMPD is currently experiencing an extraordinary convergence of unavoidable obligations which are beyond Counsel's control. It would be difficult, if not impossible, for Counsel to meet the current deadline despite diligent efforts to do so.

Counsel for Wellpath employees, Defendants Lee, Oliphant and Williamson recently associated into this matter in April 2026, and has worked diligently to complete discovery, has attended and/or taken and/or defended eleven of the fourteen depositions taken in this matter, including the depositions of Plaintiff, Plaintiff's expert, Plaintiffs' treating surgeons, Defendants Lee, Oliphant, and Williamson, and Defendants' expert witnesses, has responded to a non-party subpoena issued to Wellpath and has engaged in extensive written and verbal meet and confer efforts regarding the subpoena. After the parties reached an impasse conferring about the subpoena, Plaintiff filed a Motion to Compel eight days before the current dispositive motion deadline. Defendants' counsel must now respond to the Motion to Compel while also reviewing all discovery prior to her involvement in this case, extensive medical records, and all deposition transcripts in order to prepare for and draft the appropriate dispositive motion. In addition, as all counsel in this matter have been previously advised, counsel for Lee, Oliphant and Williamson will be out of the jurisdiction from October 12, 2026, to November 2, 2026. In addition, counsel

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

for the individual defendants had a number of other cases in various stages of discovery transferred to her office at the same time as the instant matter and has therefore had a number of competing discovery deadlines. Among other discovery and briefing deadlines in August and September in various Nevada and California state court matters, counsel is also primarily responsible for a California Court of Appeals combined appellate brief initially due on August 26, 2026, but for which a thirty-day extension has been requested.

Counsel for Plaintiff has several competing briefing deadlines that will conflict with the current dispositive motion opposition deadline including a Fifth Circuit Court of Appeals brief due on September 3, 2026, a response to a 12(b)(6) motion in a case in the Western District of Oklahoma on September 2, 2026, and *Daubert* motions and responses in the District of South Dakota due on September 2, 2026 and September 16, 2026. Moreover, Plaintiff may also need to file a reply in support of its Motion to Compel documents from Wellpath.

## IV. PROPOSED EXTENDED DEADLINES

The parties respectfully request this Court enter an order as follows:

**(A) Dispositive Motions.**

All dispositive motions shall be filed and served no later than **September 25, 2026.** Any responses to dispositive motions shall be filed and served no later than **November 10, 2024**, and any reply shall be filed by **November 24, 2026.**

**(B) Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

**(C) Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than 30 days after the date set for filing dispositive motions, or by **November 5, 2026**[1], unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(D) Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. Pursuant to LR 26-3, amotion or stipulation to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

[1] This extended deadline is requested to accommodate counsel for Defendants Lee, Oliphant and Williams who will be out of the jurisdiction from October 12, 2026 to November 2, 2026. It is anticipated that dispositive motions will be filed, thereby making this a moot issue.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

(d) A proposed scheduled for completing all discovery.

This request for an extension is made in good faith, is supported by good cause, and joined by all the parties in this case. Trial is not yet set in this matter and dispositive motions have not yet been filed. The extension will not cause delay and will not prejudice any party. The extension will allow the parties the necessary time to prepare, file, respond, and fully brief dispositive motions in this matter.

DATED this 24th day of August, 2026

SGRO & ROGER

/s/ Lauren Bonds
ANTHONY P. SGRO
Nevada Bar No. 3811
ELAINE ODEH
Nevada Bar No. 14890
2901 El Camino Avenue
Suite 204
Las Vegas, NV 89102

NATIONAL POLICE ACCOUNTABILITY PROJECT

LAUREN BONDS
*Admitted Pro hac vice*
KEISHA JAMES
*Admitted Pro hac vice*
ELIANA MACHEFSKY
*Admitted Pro hac vice*
BREANTA LASHAY BOSS
*Admitted Pro hac vice*
1403 Southwest Blvd
Kansas City, KS 66103
***Attorneys for Plaintiff***
***Ashley O'Neil***

DATED this 24th day of August, 2026.

KAEMPFER CROWELL

/s/ Lyssa S. Anderson
LYSSA S. ANDERSON
Nevada Bar No. 5781
TRAVIS C. STUDDARD
Nevada Bar No. 16454
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
***Attorneys for Defendant***
***Las Vegas Metropolitan Police Department***

DATED this 24th day of August, 2026

MEDICAL DEFENSE LAW GROUP

/s/ Melanie B. Chapman
PAUL A. CARDINALE
Nevada Bar No. 8394
MELANIE BERNSTEIN CHAPMAN
Nevada Bar No. 6223
2460 Professional Court, Suite 110
Las Vegas, NV 89128
***Attorneys for Defendants***
***Nurse Camille Lee ("Nurse Coco"), Davis Oliphant and Larry Williamson, M.D.***

**IT IS SO ORDERED.**

Dated this 24th day of August, 2026.

United States Magistrate Judge