**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ashly O'Neil,<br>Plaintiff(s),<br>v.<br>Las Vegas Metropolitan Police Department, et al.,<br>Defendant(s). | Case No. 2:22-cv-00474-ART-NJK[1]<br>**Order**<br>[Docket No. 128] |

Pending before the Court is Plaintiff's motion to compel compliance with subpoena from non-party Wellpath, LLC ("Wellpath"). Docket No. 128. Wellpath filed a response in opposition. Docket No. 134. Plaintiff filed a reply. Docket No. 135. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion to compel.

## I. BACKGROUND

This case arises out of Defendants' alleged deprivation of necessary medical care while Plaintiff was incarcerated at the Clark County Detention Center ("CCDC") after a car crash and subsequent arrest. Docket No. 99. During that time, Wellpath was contracted for the provision of inmate heath care services at CCDC. *Id.* at 6.

In December 2021, Plaintiff filed this suit against Wellpath as a defendant. Docket No. 128 at 7. On June 21, 2023, counsel held their discovery conference pursuant to Rule 26(f) of the

[1] Plaintiff used an incorrect case number on the motion and reply. Docket Nos. 128 at 1, 135 at 1. Plaintiff must ensure she uses the correct case number on all future filings.

Federal Rules of Civil Procedure.[2] Docket No. 38.[3] On June 30, 2023, the Court entered a scheduling order allowing an extended discovery period of 180 days from the discovery conference and set the discovery cutoff on December 27, 2023. *See id.* On October 10, 2023, the Court extended the discovery deadline to March 26, 2024. *See* Docket No. 47. On January 9, 2024, the Court extended the discovery cutoff to July 26, 2024. *See* Docket No. 49. On March 27, 2024, the Court extended the discovery deadline to October 24, 2024. Docket No. 61 at 4. On August 27, 2024, the Court extended the discovery cutoff to March 27, 2025. Docket No. 63 at 5.

On April 23, 2024, Plaintiff served her first set of requests for production of documents ("RFPs") to then-Defendant Wellpath. *Id.* at 8. Wellpath responded to Plaintiff's RFPs on June 20, 2024. Almost five months later, on November 15, 2024, Wellpath filed a suggestion of bankruptcy and notice of stay. Docket No. 74.

On May 30, 2025, the Court lifted the stay and dismissed Wellpath as a defendant. *See* Docket No. 85. On May 7, 2026, almost a year after the stay was lifted, Plaintiff and Wellpath conducted a meet and confer. Docket No. 134 at 9, 10. On May 18, 2026, Plaintiff served Wellpath with a Rule 45 *duces tecum*. Docket No. 128 at 10. On June 1, 2026, Plaintiff served a revised subpoena on Wellpath. Docket No. 134 at 10. Wellpath responded to the revised subpoena with objections and deficiencies on June 15, 2026. Docket No. 128 at 10; Docket No. 134 at 7.

On May 13, 2026, the Court granted a final extension of 60 days and set the discovery cutoff on July 28, 2026. *See* Docket No. 120. The Court noted that though it found the parties had not demonstrated diligence on more than one extension request, it granted the request in an effort to have the case decided on its merits. *Id.* at 2; *see also* Docket No. 112 at 2.

Plaintiff and Wellpath met and conferred by phone on August 5, 2026, 51 days after Wellpath responded to the subpoena. Docket No. 128 at 11. On August 18, 2026, Wellpath produced more documents and, the next day, confirmed with Plaintiff's counsel that it had no

---

[2] The prior magistrate judge stayed discovery obligations on May 11, 2022. Docket No. 26. The stay was lifted on June 9, 2023. Docket No. 34.

[3] Hence, the parties were free to engage in discovery at that time. *See* Fed. R. Civ. P. 26(d)(1).

intention of serving additional supplemental. *Id.* at 11-12. On August 20, 2026, Plaintiff filed the instant motion to compel. *See, generally, id.*

**II. STANDARDS**

Management of the docket and avoidance of unnecessary delays in the administration of justice are matters of critical importance to district courts. *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999); *see also Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (highlighting that Rule 16 of the Federal Rules of Civil Procedure is designed to "encourage forceful judicial management"). Advancing these objectives requires by necessity a determination of how to sequence motion practice and the phases of litigation to best achieve an orderly resolution of the case. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610-11 (9th Cir. 1992); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes." *Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999). "Because discovery problems are presented in every case, and because in many cases discovery must close before a district court can consider dispositive motions with all evidence in hand, district courts need to be able to control or limit discovery in order to advance the progress of their trial dockets." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). "District court oversight is encouraged to avoid 'protracted discovery, the bane of modern litigation.'" *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (quoting *Rosetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)).

With respect to a motion to compel discovery, there is no specific deadline enunciated in the governing rules and a determination as to the timeliness of such a motion is left to the exercise of judicial discretion. *Wyles v. Sussman*, 445 F. Supp. 3d 751, 755 (C.D. Cal. 2020). That determination is guided by whether the movant unduly delayed in seeking relief. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). A finding of untimeliness, standing alone, dooms a motion to compel regardless of its substantive merits. *KST Data, Inc. v. DXC Tech. Co.*, 344 F.

Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018). Indeed, courts "will often deny Rule 37(a) motions because the moving party delayed too long." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360 (D. Nev. 2019) (quoting 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure, § 2285 (3d ed. Supp. 2019)).

Although a standard of "undue delay" is somewhat amorphous, a few guideposts have developed in this District's jurisprudence regarding the timeliness of a motion to compel. First, a motion to compel filed during the discovery period (*i.e.*, prior to expiration of the discovery cutoff) will generally be considered timely. *See Gault*, 184 F.R.D. at 622; *see also V5 Technologies*, 332 F.R.D. at 364-65. Second, a motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase. *See Garcia*, 332 F.R.D. at 354; *see also Gray v. Cox*, No. 2:14-cv-01094-JAD-PAL, 2016 U.S. Dist. LEXIS 106921, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016).

When motions to compel are filed between the discovery cutoff and the dispositive motion deadline, Courts are guided by a non-exhaustive list of factors to determine the timeliness of the motion: (1) the length of time since expiration of the discovery deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom discovery is sought; and (8) disruption of the Court's schedule. *V5 Technologies*, 332 F.R.D. at 360-61 (collecting cases). Hence, even though a motion to compel filed before the deadline for dispositive motions predates what is generally the outer limit for seeking such relief, it will be deemed untimely if evaluation of these factors reveals undue delay. *See RFK Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, No. 2:14-cv-01232-APG-GWF, 2017 U.S. Dist. LEXIS 104850, 2017 WL 2908869, at *5-6 (D. Nev. July 6, 2017) (analyzing timeliness of motion to compel filed between discovery cutoff and dispositive motion deadline); *see also Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1044 (S.D. Iowa 2010) (denying motion to compel technically filed in compliance with outer deadline as "[d]eadlines do not grant the parties carte

blanche rights to demand sizeable discovery requests up to the last possible minute. Discovery is meant to be a balanced and, hopefully, front-loaded process, not one involving deadline brinkmanship").

As the multitude of potential considerations demonstrates, the timeliness of a motion to compel is determined based on "the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005). "Because no single rule or deadline can encompass the myriad variations in discovery, magistrate judges are given broad discretion to manage the overall process in the interests of dispatch and fairness." *Haviland*, 692 F. Supp. 2d at 1044.

## III. ANALYSIS

The parties have provided competing views of the timeliness of Plaintiff's motion to compel, including arguments with respect to each of the enumerated factors for that analysis. The Court will address each factor in turn.[4]

### A. Time Since Expiration of the Discovery Deadline

The discovery deadline expired on July 28, 2026. The instant motion was filed 23 days later, on August 20, 2026. Accordingly, this factor weighs in favor of finding the motion untimely.

### B. Time Since Movant Has Known About the Discovery

Side-by-side comparison of the 2024 RFPs with the instant motion to compel subpoena requests show that the requests are substantially similar. *See* Docket No. 134 at 18; *see also* Docket Nos. 129-1, 129-2. Wellpath responded to the RFPs on June 20, 2024. Thus, Plaintiff knew about the discovery deficiencies for over two years before filing the instant motion to compel.

The Court acknowledges the six-month stay of the case from Wellpath's bankruptcy. However, even taking into account the six-month stay, "[o]ne would generally expect that a motion to compel would be filed within a matter of weeks." *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1249 (2020) (collecting cases). Plaintiff had ample time to file a motion to compel within

[4] The Court has considered all arguments presented. Any argument not explicitly discussed herein has been rejected to the extent it is inconsistent with the outcome of this order. *Cf. V5 Techs.*, 334 F.R.D. at 314 n.12.

the five months before the case was stayed or within the year and three months after the stay was lifted. Accordingly, this factor weighs in favor of finding the motion untimely.

C. Extensions to the Discovery Cutoff

The discovery period in this case was lengthy. The Court granted the parties' stipulation for extension of time to extend discovery deadlines to March 6, 2024, *see* Docket No. 45; then March 26, 2026, *see* Docket No. 47; then July 26, 2026, *see* Docket No. 49; then October 24, 2024, *see* Docket No. 61; then March 27, 2026, *see* Docket No. 63; then May 29, 2026, *see* Docket No. 101; then July 28, 2026, *see* Docket No. 120. The Court even denied the parties' sixth stipulation for extension of time to extend discovery deadlines, finding a lack of diligence on behalf of the parties. *See* Docket No. 112. The parties had a total of six extensions to the discovery deadline, not including the March 6, 2024, extension as the parties' amended stipulation was granted to extend the deadline to March 26, 2024. Accordingly, this factor weighs in favor of finding the motion untimely.

D. Explanation for the Tardiness or Delay

Plaintiff submits that Wellpath's failure to designate a deponent for deposition and the subsequent bankruptcy proceeding were the primary factors for her failure to file the instant motion to compel sooner. Docket No. 135 at 5-6.

Plaintiff submits that, after receiving Wellpath's deficient responses on June 20, 2024, she served Wellpath with a deposition notice on August 7, 2024. *Id.* at 5. Plaintiff planned to use the information from the deposition to determine if the RFPs could be narrowed or obtained through more efficient means. *Id.* at 5-6. Plaintiff submits that it was Wellpath who failed to designate a deponent for the deposition before it declared bankruptcy and discovery was automatically stayed on November 15, 2024. *Id.* at 6.

The Court is not persuaded by Plaintiff's attempt to justify a five-month delay in filing a motion to compel before bankruptcy proceedings. It is true that Plaintiff is not at fault for Wellpath's failure to designate a deponent for deposition or the bankruptcy proceedings. However, even when a litigant is not at fault for a discovery issue that has arisen, that party is still required to protect its interests by seeking judicial relief in prompt fashion. *PlayUp, Inc. v. Mintas*, No.

2:21-CV-02129-GMN-NJK, 2025 WL 315118, at *4 (D. Nev. Jan. 27, 2025) (internal citation omitted). Three months passed between serving Wellpath with a deposition notice and the bankruptcy proceeding. Ten weeks passed from when the parties had a meet and confer, where Plaintiff narrowed her proposed topics, and the bankruptcy proceeding. As noted above, "[o]ne would generally expect that a motion to compel would be filed within a matter of weeks." *Herndon*, 507 F. Supp. 3d at 1249. Plaintiff does not provide an explanation as to why she did not seek to protect her interests by seeking judicial relief during this lengthy period of time.

Plaintiff further submits that the bankruptcy proceedings had a "seismic impact" on litigation. Docket No. 135 at 6. Plaintiff submits that she did not receive a final decision of Wellpath's dismissal until December 10, 2025. *Id.* After filing an amended complaint, she submits, she attempted to retrieve the records she had previously sought from Wellpath by issuing requests to new Defendant, Wellpath's Liquidating Trust. *Id.* Wellpath's counsel also changed twice during the same period, resulting in communication delays. Plaintiff submits that these complications explain the two-year delay between Plaintiff's receipt of Wellpath's RFP responses and the filing of the instant motion to compel. *Id.*

The Court acknowledges the impact the bankruptcy proceedings had on this case. However, even considering the delay between the Court lifting the stay and the final decision of Wellpath's dismissal, Plaintiff waited over eight months after Wellpath's dismissal to file the instant motion to compel. The Court is not persuaded that, had Plaintiff been diligent, attempting to retrieve records from an alternate source, or changes in Wellpath's counsel, would have delayed the instant motion for eight months. Considering the five months before the case was stayed and the eight months after Wellpath's dismissal, the Court finds the explanation Plaintiff provides does not justify the two-year delay in filing the instant motion to compel. This factor, therefore, weighs in favor of finding the motion untimely.

<u>E. Filing or Scheduling of Dispositive Motions</u>

Plaintiff filed the motion to compel on August 20, 2026, just eight days before the dispositive motion deadline on August 28, 2026. The deadline to file dispositive motions is

currently extended to September 25, 2026. *See* Docket No. 132. Accordingly, this factor weighs in favor of finding the motion timely.

F. Age of the Case

This is a particularly old case. It was filed four years and nine months ago, and the discovery process began over three years ago, after discovery had been stayed, pending the resolution of dispositive motions. The Court acknowledges the six-month stay resulting from Wellpath's bankruptcy. However, even taking into account the six-month stay, the vast majority of cases should be well beyond discovery at this stage, as the presumptively reasonable discovery period is 180 days from the date of first appearance by a defendant. *See* Local Rule 26-1(b)(1). Accordingly, this factor weighs in favor of finding the motion untimely.

G. Prejudice to the Party from Whom Discovery is Sought

Wellpath fails to submit evidence of prejudice if the motion succeeds. Accordingly, this factor weighs in favor of finding the motion timely.

H. Disruption of the Court's Schedule

Plaintiff filed the motion to compel on August 20, 2026, just eight days before the dispositive motion deadline of August 28, 2026. Wellpath submits that, while the deadline to file dispositive motions has been extended to September 25, 2026, compelling broad, multi-year searches of potentially voluminous documentation would interfere directly with dispositive motion practice. Docket No. 134 at 16. Wellpath further submits that allowing broad document discovery on a discharged nonparty "would disrupt the schedule the Court deliberately imposed after finding a lack of diligence." *Id.*

Plaintiff submits that "the Court has already determined that production would not interfere with dispositive motion deadlines." Docket No. 135 at 8 (citing to Docket No. 132 at 6 (order granting stipulation to extend dispositive motion deadline)). When the Court approves a stipulation, it is finding that the relief sought is properly granted; it is not necessarily endorsing every reason provided by the parties for that relief. Thus, it is for the Court to decide in the instant motion the extent of disruption production of documents will have on the Court's schedule.

Plaintiff fails to demonstrate how the document production would not disrupt the Court's schedule. Accordingly, this factor weighs in favor of finding the motion untimely.

## IV. CONCLUSION

Weighing the above considerations, the Court finds that Plaintiff unduly delayed in bringing her motion to compel and it is properly rejected as untimely. This is a particularly old case in which discovery has already been extended six times. The discovery responses were provided two years prior to the filing of the instant motion and Plaintiff advances no persuasive reason for the delay. The motion was filed after the discovery cutoff and production of documents will likely disrupt the established schedule for the case. Accordingly, Plaintiff's motion to compel is **DENIED** as untimely. Docket No. 128.[5]

IT IS SO ORDERED.

Dated: September 23, 2026

Nancy J. Koppe
United States Magistrate Judge

[5] Given that the motion to compel is untimely, the Court need not reach the merits of other arguments presented.